**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| **RICARDO CASILLAS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **Case:** |
| | ) | |
| **v.** | ) | |
| | ) | |
| **BMO HARRIS BANK, N.A.** | ) | |
| | ) | **Jury Trial Demanded** |
| **Defendant.** | ) | |
| | ) | |

**COMPLAINT**

Plaintiff, RICARDO CASILLAS ("Plaintiff"), by and through the undersigned counsel, hereby files this Complaint against BMO HARRIS BANK, N.A. ("Defendant"), and in support states as follows:

**NATURE OF PLAINTIFF'S CLAIMS**

1. This lawsuit arises under the Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e *et seq*. ("Title VII") for Defendant's national origin based discrimination against Plaintiff and retaliation against Plaintiff in violation of Title VII. Moreover, this lawsuit also arises under (775 ILCS5/) Illinois Human Rights Act ("IHRA") for Defendant's national origin based discrimination. Lastly, this lawsuit also arises under the common law claim of retaliatory discharge to correct unlawful employment practices and to provide appropriate relief to Plaintiff who was adversely impacted by such practices.

**JURISDICTION AND VENUE**

2. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1331. This action is authorized and instituted pursuant to the Title VII of the Civil Rights Act of 1964, 42 U.S.C.

§2000e-5 *et seq*.

3.     Venue of this action properly lies in the Northern District of Illinois, Eastern Division, pursuant to 42 U.S.C. §2000e-5(f)(3) and 28 U.S.C. §1391(b) insofar as Defendant operates and transacts business in this judicial district and the events giving rise to Plaintiff's claims occurred within this District.

4.     Count II, and IV have pendent jurisdiction and supplementary jurisdiction through 28 U.S.C. Section 1367.

## ADMINISTRATIVE PREREQUISITES

5.     All conditions precedent to jurisdiction under § 706 of Title VII, *42 U.S.C. §2000e-5*, have occurred or been complied with.

6.     A charge of employment discrimination on basis of Defendants national origin and retaliatory discharge was filed by the Plaintiff with the Equal Employment Opportunity Commission ("EEOC") and Illinois Department of Human Rights ("IDHR").  (Attached hereto as Exhibit "A").

7.     Notification of the Right to Sue was received from EEOC on or about July 10, 2022. (Attached hereto as Exhibit "B").

8.     This Complaint has been filed within the 90 days of receipt of EEOC's Dismissal and Notice of the Right to Sue.

## PARTIES

9.     At all times material to the allegations of this Complaint, Plaintiff, Ricardo Casillas resides in Cook County in the State of Illinois.

10.     At all times material to the allegations in this Complaint, Defendant, BMO Harris Bank, N.A. is a corporation doing business in and for Cook County whose address is 11 West

Monroe Street, Chicago, IL 60603.

11.     Plaintiff was employed by Defendant as an "employee" within the meaning of 42 U.S.C §2000e(f).

12.     During the applicable limitations period, Defendant has had at least fifteen employees, has been an "employer" as defined by Title VII, and has been engaged in an industry affecting commerce within the meaning of Title VII, 42 U.S.C. § 2000e(b).

## BACKGROUND FACTS

13.     Plaintiff worked for Defendant as a Retail Relationships Banker from March 22, 2020 through January 3, 2022.

14.     Since at least October 1, 2021 through January 3, 2022, Defendant has been subjected Plaintiff to different terms and conditions of employment than others not within him protected class and has been subjected to a hostile work environment on the basis of Plaintiffs national origin, violating Title VII.

15.     Plaintiff is male and is a member of a protected class because of national origin whom Defendant subjected to different terms and conditions of employment than others not within his protected class.

16.     During Plaintiff's employment, he was discriminated against due to his national origin.

17.     Plaintiff was unlawfully terminated because of his national origin, (Hispanic) on January 3, 2022.

18.     Plaintiff met or exceed Defendant's performance expectations during the entire duration of his employment.

19.     Plaintiff was retaliated against and his employment was ultimately terminated for

opposing unlawful discrimination and for exercising his protected rights.

20.     Plaintiff reported the discrimination to Defendant.

21.     Following Plaintiff's unlawful termination, Plaintiff was replaced by a white male.

22.     Plaintiff was targeted for termination because of his national origin and reporting of illegal discrimination.

23.     Plaintiff is able to show that he participated in protected activity under Title VII or the IHRA and that Defendant retaliated against him for doing so.

24.     Plaintiff suffered multiple adverse employment actions including, but not limited to being terminated.

25.     There is a basis for employer liability for the national origin harassment that Plaintiff was subjected to.

26.     Plaintiff can show that he engaged in statutorily protected activity, a necessary component of his retaliation claim, because Plaintiff lodged complaints directly to Human Resources and Manager about the harassment.

27.     On or about October of 2021, Plaintiff began to be harassed on the basis of his national origin by Dan Chanzit when he started to call him a "fast food worker", for being a Hispanic. This was all recorded in a "Teams Chat" by the Defendant. Plaintiff also took screen shots of this, and forwarded them to his Manager (white/female) via email stating he was formally filing a case of discrimination to Human Resources. After two (2) weeks his Manager (white/female) finally forwarded the complaint to HR.

28.     From the time Plaintiff's complaint of harassment was filed, his Manager (white/female) became extremely distant from him, and when he would ask for help, she would re-direct Plaintiff to other channels form help of which nothing ever transpired. On numerous

occasions Plaintiff expressed his feelings regarding the hostile work environment he was subjected to and how the harassment was getting far worse with his co-workers. He pleaded with HR for any updates, and was always met with avoidance, and sarcastic questions such as, "Oh really?" "I'm so sorry.", and would immediately walk away.

29.     Plaintiff's work environment became so hostile and tense that Plaintiff became depressed, and as soon as he arrived at work he had to mentally prepare to gain the courage to go inside. As a result, Plaintiff's mental and physical health started to decline.

30.     After three (3) months of continuous discrimination and harassment finally on January 3, 2022 Plaintiff was wrongfully terminated. His Manager (white/female) stated that Plaintiff made a "Zelle" transaction for a customer against the Defendant's policies. Plaintiff DID NOT make or EVEN ATTEMPT to make such a transaction.

**COUNT I**
**National Origin Harassment in Violation of Title VII of**
**the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, et seq.**

31.     Plaintiff repeats and re-alleges paragraphs 1-30 as if fully stated herein.

32.     By virtue of the conduct alleged herein, Defendant engaged in unlawful employment practices and harassed the Plaintiff on the basis of his national origin, Hispanic in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq*.

33.     Defendant knew or should have known of the discrimination and harassment.

34.     The national origin harassment was severe or pervasive.

35.     The national origin harassment was offensive subjectively and objectively.

36.     Plaintiff is a member of a protected class under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.*, due to his national origin, Hispanic.

37.     Defendant acted in willful and reckless disregard of Plaintiff's protected rights.  As

5

a direct and proximate result of the discrimination described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation and loss of enjoyment of life.

## COUNT II
### National Origin -Based Harassment in Violation of the Illinois Human Rights Act, 775 ILCS5/

38.     Plaintiff repeats and re-alleges paragraphs 1-30 as if fully stated herein.

39.     Plaintiff is a member of a protected class under 775 ILCS5/, Illinois Human Rights Act, due to his national origin, Hispanic.

40.     By virtue of the conduct alleged herein, Defendant engaged in unlawful employment practices and harassed the Plaintiff on the basis of his national origin, Hispanic, in violation of the Illinois Human Rights Act, 775 ILCS5/.

41.     Defendant knew of the harassment.

42.     The national origin harassment was sever or pervasive.

43.     The national origin harassment was offensive subjectively and objectively.

44.     Defendant acted in willful and reckless disregard of Plaintiff's protected rights.  As a direct and proximate result of the discrimination described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation and loss of enjoyment of life.

## COUNT III
### Retaliation in Violation of 42 U.S.C. § 2000e, *et seq.*

45.     Plaintiff repeats and re-alleges paragraphs 1-30 as if fully stated herein.

46.     Plaintiff is a member of a protected class under 42 U.S.C. § 2000e, *et seq*.

47.     During Plaintiff's employment with Defendant, Plaintiff reasonably complained to Defendant about conduct that constituted unlawful national origin discrimination which created a

sufficiently severe or pervasive work condition in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq*. As such, Plaintiff engaged in protected conduct and was protected against unlawful retaliation by Defendant under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.*

48.     In response to Plaintiff's complaint, Defendant failed to conduct a prompt, thorough and objective investigation of Plaintiff's complaint of national origin discrimination.

49.     Defendant also failed to take necessary precautions to prevent further recurrences of the discriminatory and harassing conduct complained of by Plaintiff.

50.     By virtue of the foregoing, Defendant retaliated against Plaintiff based on his reporting the national origin based discrimination, thereby violating Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, *et seq*.

51.     Defendant's retaliatory conduct toward Plaintiff illustrated a willful and/or reckless violation of Title VII.

52.     As a direct and proximate result of the above-alleged willful and/or reckless acts of Defendant, Plaintiff has suffered damages of a pecuniary and non-pecuniary nature, humiliation, and degradation.

## COUNT IV
### Demand for Relief for Retaliatory Discharge

53.     Plaintiff repeats and re-alleges paragraphs 1-30 as if fully stated herein.

54.     This Court has pendent jurisdiction and supplementary jurisdiction of this count through 28 U.S.C. Sec. 1367.

55.     Illinois common law recognizes a cause of action for retaliatory discharge.

56.     Plaintiff's employment was terminated by the Defendant.

57.     Plaintiff's discharge was in retaliation for action of the Plaintiff's protected activity

of reporting the illegal activity.

58.     The termination of Plaintiff's employment violates a clear mandate of public policy.

59.     By reason of Defendant's retaliation, Plaintiff suffered severe harm, and is entitled to all legal and equitable remedies under common law.

## RELIEF REQUESTED

WHEREFORE, Plaintiff demands judgment against Defendant as follows:

      a.      Back pay and benefits;

      b.      Interest on back pay and benefits;

      c.      Front pay and benefits;

      d.      Compensatory damages for emotional pain and suffering;

      e.      Pre-judgment and post-judgment interest;

      f.      Injunctive relief;

      g.      Liquidated damages;

      h.      Punitive damages;

      i.      Reasonable attorney's fees and costs; and

      j.      For any other relief this Court may deem just and equitable.

## DEMAND FOR JURY TRIAL

Plaintiff hereby requests that all issues be submitted to and determined by a jury.

Dated this 11th day of July, 2022.

                         */s/ Nathan C. Volheim*
                         **NATHAN C. VOLHEIM, ESQ.**
                         SULAIMAN LAW GROUP LTD.
                         2500 S. Highland Avenue, Suite 200
                         Lombard, Illinois 60148
                         Phone (630) 568-3056

Fax (630) 575 - 8188
E-mail: nvolheim@sulaimanlaw.com
*Attorney for Plaintiff*